IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:                       :

                           :

507-84 Associates, LLC,      :

              Appellant     :

                           :

        v.                :

                           :

Pike County Board of Assessment  :   No. 663 C.D. 2017

Appeals                   :   Submitted: April 10, 2018

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED:  April 23, 2018

507-84 Associates, LLC (Taxpayer) appeals from the Pike County Common Pleas Court's (trial court) April 27, 2017 order denying Taxpayer's appeal. The sole issue before this Court is whether the trial court erred in denying Taxpayer's assessment appeal. After review, the trial court's order is vacated and the matter is remanded.

Taxpayer is the owner of a parcel of land located at 1409 Route 507, Greentown, Pike County, Pennsylvania designated as Property Identification Number 101.00-01-08.001 (Property). The Pike County Tax Assessor's Office assessed the Property with an Affirmed Assessed Value of $152,620.00 and an actual fair market value of $610,453.00. On or about February 18, 2016, Taxpayer filed an appeal from the Property's tax assessment with the Pike County Board of Assessment Appeals (Board). The Board held a hearing on October 11, 2016. Following the hearing, the

Board issued a Final Assessment Notice denying Taxpayer's appeal. On November 15, 2016, Taxpayer appealed from the Board's decision to the trial court. On April 27, 2017, the trial court denied the appeal and affirmed the assessed value of the Property at $152,620.00 and the actual fair market value of the Property at $610,453.00 (Order). The Order provided: "The [trial c]ourt notes the [a]ppraisal provided by the [Board] had a more accurate appraisal of the [Property] and [the Board's appraiser's] testimony was more credible." Order at 1.

On May 25, 2017, Taxpayer appealed to this Court.[1] On May 30, 2017, the trial court issued an order requiring Taxpayer to file a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). Taxpayer filed its Rule 1925(b) Statement on June 19, 2017. On July 13, 2017, the trial court issued an opinion that stated in its entirety: "AND NOW, this 13th day of July, 2017, after careful review of the record and [Taxpayer's 1925(b) Statement], th[e trial c]ourt continues to stand by its decision in the above-captioned matter and respectfully requests the Commonwealth Court affirm [its] Order of April 27, 2017." Taxpayer Br. Ex. A.

> We begin our analysis by delineating the procedural framework within which the trial court performs its function. The assessment of real estate taxes is governed by [T]he General County Assessment Law,[2] . . . and by the

---

[1] In reviewing a trial court's decision in a tax assessment appeal, we will reverse that decision only if the trial court committed an abuse of discretion, an error of law, or where its decision is unsupported by the evidence. When the issues on appeal are questions of law, the standard of review is *de novo* and the scope of review is plenary.

*Douglas Vill. Residents Grp. v. Berks Cty. Bd. of Assessment Appeals*, 84 A.3d 407, 408 n.3 (Pa. Cmwlth. 2014).

[2] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020-1 – 5020-602. The General County Assessment Law was repealed, insofar as it relates to second class A, third, fourth, fifth, sixth, seventh and eighth class counties, by Section 6(1)(ii) of the Act of October 27, 2010, P.L. 895, known as the Consolidated County Assessment Law, 53 Pa. C.S. §§ 8801-8868, effective January 1, 2011.

assessment law applicable to the particular class of county-in the case of [Pike County, an eighth class[3]] county, the Fourth to Eighth Class County Assessment Law.[4] . . . Both statutes direct the assessor to rate and value all objects of taxation 'according to the actual value thereof . . . .' 72 P.S. § 5020-402(a); 72 P.S. § 5453.602(a). A taxpayer who wishes to challenge the valuation, or any other aspect of the assessment, may appeal to the Board of Revision of Taxes, *see* 72 P.S. §§ 5020-511, 5453.701, 5453.702, and, if such appeal proves unsuccessful, to the [trial court], *see* 72 P.S. §§ 5020-518.1, 5453.704.

*Green v. Schuylkill Cty. Bd. of Assessment Appeals,* 772 A.2d 419, 425 (Pa. 2001) (footnote omitted). In *Green,* our Supreme Court expounded on the trial court hearing in tax assessment appeals:

In an assessment appeal, the matter before the trial court is heard *de novo,* and the order of proof is well settled. *Deitch Co. v.* [*Bd.*] *of Prop*[.] *Assessment, . . .* 209 A.2d 397, 402 ([Pa.] 1965).

The procedure requires that **the taxing authority first present its assessment record into evidence**. Such presentation makes out a *prima facie* case for the validity of the assessment in the sense that it fixes the time when the burden of coming forward with evidence shifts to the taxpayer. If the taxpayer fails to respond with credible, relevant evidence, then the taxing body prevails. **But once the taxpayer produces sufficient proof to overcome its initially allotted status, the *prima facie* significance of the Board's assessment figure has served its procedural purpose, and its value as an evidentiary devise is ended**. Thereafter, such record, of itself, loses the weight previously accorded to it and may not then influence the [trial] court's determination of the assessment's correctness.

---

[3] *See PPL Holtwood, LLC v. Pike Cty. Bd. of Assessment*, 846 A.2d 201 (Pa. Cmwlth. 2004).

[4] Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §§ 5453.101–5453.706. The Fourth to Eighth Class County Assessment Law was repealed by the Consolidated County Assessment Law effective January 1, 2011.

> [T]he taxpayer still carries the burden of persuading the court of the merits of his appeal, but that burden is not increased by the presence of the assessment record in evidence.
>
> Of course, **the taxing authority always has the right to rebut the owner's evidence and in such a case the weight to be given to all the evidence is always for the court to determine**. The taxing authority cannot, however, rely solely on its assessment record in the face of countervailing evidence unless it is willing to run the risk of having the owner's proof believed by the court.

*Id. . . .*, 209 A.2d at 402 (citations and footnote omitted).

*Green,* 772 A.2d at 425-26 (emphasis added).

At the trial court hearing in the instant case, the Board presented the "Pike County Assessment Property Record card" (Assessment Card) into evidence, Reproduced Record (R.R.) at 167a, showing an Affirmed Assessed Value of $152,620.00 and an actual fair market value of $610,453.00. *See* Certified Record at Board Ex. 1. Taxpayer presented appraiser Joseph C. Fisher (Fisher),[5] who testified that he appraised the Property at $240,000.00 as of April 11, 2016. *See* R.R. at 195a. In rebuttal, the Board presented appraiser Gerald Eugene Romanik (Romanik),[6] who declared that the fair market valuation of the property was $465,000.00, *see* R.R. at 280a, as of January 12, 2017. *See* R.R. at 251a. The trial court found Romanik's appraisal "more accurate" and his testimony "more credible" than Fisher's. Order at 1. However, rather than use Romanik's assessed value, the trial court, without explanation, ruled that the Property's assessed value remains as listed on the Assessment Card.

---

[5] Taxpayer also presented the testimony of Taxpayer's principal member Arthur Steven Menko.

[6] The Board also presented the testimony of Certified Assessment Appraiser Eugene E. Porterfield.

'[I]n making a determination in a tax assessment appeal, **the trial court must state the basis and reasons for its decision**.' *Westinghouse* [*Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*], . . . 652 A.2d [1306,] 1312 [(Pa. 1995)]. This requirement is . . . significant to . . . a case with competing experts, such as [in] *Westinghouse*[.] Where the trial court 'is presented with conflicting testimony by equally credible experts,' *id.* . . ., it is appropriate for the court to conclude that the fair market value of the subject property is 'somewhere between the values presented by the parties.' *Id.; see also* . . . [*id.*] . . . at 1316 (Flaherty, C.J., concurring and dissenting) (observing that 'there is nothing arbitrary about setting the values near the midpoints of the range') . . . . Accordingly, **the trial court's reasoning must be stated on the record so that the reviewing court may determine if the trial court's departure from the expert[s'] valuation[s are] warranted**.

*Green,* 772 A.2d at 433 (emphasis added).

In the instant matter, the trial court's only explanation was that it found the Board's expert and appraisal more credible than Taxpayer's evidence. Such a statement does not explain the basis for the trial court's decision to rely on the Assessment Card instead of Romanik's assessed value. Nor does it furnish any reason for making a determination not sought by either party, and which was $145,000.00 greater than either party claimed. Further,

[t]he language chosen by the trial court . . . implies that its evaluation of the expert[s'] testimony involved a credibility determination. In this regard**, it is important to distinguish between credibility as a matter of personal veracity and as a matter of the substantive reasonableness of a witness's testimony**. While the trial court's determinations concerning the former are unreviewable by an appellate court, the same is not true of the latter. *See McKnight* [*Shopping Ctr., Inc. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*], . . . 209 A.2d [389,] 392 [(Pa. 1965)] (rejecting the trial court's conclusion that expert testimony was not credible, where such conclusion rested on an incorrect factual assumption); *see also Traylor v. City of Allentown, . . .* 106

5

A.2d 577, 579 ([Pa.] 1954) (observing that even though the taxpayers' witnesses 'were credible in the sense that their veracity was not impeached, the weight to be given their testimony, which was oral and opinion, was nonetheless for the [trial] court to evaluate').

*Green*, 772 A.2d at 434 n.11 (emphasis added).

Here, because the trial court did not specify its reason(s) upon which it concluded that the Property's value was that listed on the Assessment Card, this Court remands this case to the trial court with direction to adhere to the Pennsylvania Supreme Court's decision in *Green*.

For all of the above reasons, we vacate the trial court's order and remand the matter to the trial court.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: :
:
507-84 Associates, LLC, :
                  Appellant :
:
        v. :
:
Pike County Board of Assessment :    No. 663 C.D. 2017
Appeals :

## O R D E R

AND NOW, this 23rd day of April, 2018, the Pike County Common Pleas Court's April 27, 2017 order is vacated, and the matter is remanded to the trial court for a decision consistent with this opinion.

      Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge